Per Curiam.
Robinson had obtained a judgment against Wood, for $2120, and on the 12th of December, 1838, a fi- fa-issued, returnable to the May term, 1839. The sheriff levied on slaves, and took a forthcoming bond, which was forfeited ; whereupon an execution issued against principal and surety, on the 6th of August, 1839, returnable to the November term. On this execution, the sheriff made no return. On the 31st of August, 1841, an alias ji. fa. was issued on the forfeited bond, returnable to the November term. The defendant obtained a supersedeas, and at the return term, moved to have satisfaction entered on the ground of payments made to the sheriff on the previous execution.
*283 To establish the payment, the defendant in execution read in evidence a receipt or memorandum in these words :
“ James B. Robinson, Ex’r. of R. Robinson v. Curtis Wood & Alva Frisby.
Judgment, 4th December, 1838, $2124.16
Interest, 254.89
Plaintiff’s money, 2379.05
Costs endorsed ouj execution, 45.77
Sheriff’s commissions, 38.98
Entry, levy and return, 2.00
$2465.80
Credit by cash of J. O. Pierson, $808.13
Interest, 21.55
Cash of G. W. Reynolds 20th Feb. 1840, 1400.00
Interest, 37.33
Cash by G. W. Reynolds, June 6th, 1840, 198.79
-- $2465.80
“ Received June 6th, 1840, of George W. Reynolds, the sum of one hundred and ninety-eight dollars and seventy-nine cents, as above stated, in full satisfaction of the above stated execution.
R. J. Bland, Sheriff.
By M. O. Hopkins, I). Sheriff."
The proof is, that the above payments were made to the sheriff in this way : the sum of eight hundred and eight dollars and thirteen cents by an order on Pierson, which was not paid, but passed to Bland’s account on Pierson’s books. The item of $1400, paid by Reynolds, was received partly in depreciated banknotes, and by taking up some accounts against the sheriff and some other persons. The item of $198.79 was paid by Reynolds by appropriating that sum, which he then had in the hands of the sheriff, who had collected principally in Union money. It seems also, that Bland got some cotton of Wood, but the witness believed he had bought it, and agreed to pay the amount on the execution. This was in February, 1840. The plaintiff never received any money of any description from the *284 sheriff, and had given him written instructions to receive nothing but gold and silver in satisfaction of the execution.
It would be sufficient in this case to remark, that at the date of these several payments, if payments they could be called, the sheriff had no existing execution in his hands. The ñvstfi.fa. that issued on the bond, was returned to November term, 1839. The alias Ji. fa. on the forfeited bond, issued on the 31st of August, 1841. The several payments were made in 1840, and the cotton transaction also took place in that year. A sheriff has no authority whatever to receive payments for a plaintiff, or take property without an operative execution in his hands. The authority which he receives by an execution, ceases at the return term. But in addition to this, payments made in depreciated currency do not amount to satisfaction, and are not binding on the plaintiff; especially when he has given instructions to the sheriff to receive nothing but gold and silver. The case falls within the decision in the case of McFarland v. Wilson, decided at the present term. The case of Gasquet, Parish & Co. v. R. H. Warren & P. M. Warren, is also conclusive as to the effect of a payment made in depreciated currency. The Court therefore very properly refused to have satisfaction entered, and the judgment must be affirmed.